UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carl J. Chisolm, | ) C/A No. 8:12-640-MBS-JDA |
| Petitioner, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Leroy Cartledge, Warden, McCormick Corr Inst, | ) |
| Respondent. | ) |

Petitioner, Carl J. Chisolm, ("Petitioner"), a state prisoner in the McCormick Correctional Institution of the South Carolina Department of Corrections in McCormick, South Carolina, who is proceeding *pro se* and *in forma pauperis*, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), for initial screening. Petitioner was sentenced to life imprisonment for murder, after a jury trial in Charleston County General Sessions Court on March 17, 1992. ECF No. 1, p. 1. Petitioner has previously filed two § 2254 petitions in this Court. Petitioner's first § 2254 petition was filed on June 21, 1999, in *Chisolm v. Ward*, C/A No. 2:99-1867-MBS(24AJ), and was dismissed *with prejudice*, on February 14, 2000, for failure to prosecute.[1] *See* C/A No. 99-1867, ECF No. 18. On October 13, 2010, Petitioner filed a second § 2254 petition, in *Chisolm v. McCabe*, C/A No. 2:10-2647-MBS-

---

[1] If a petitioner fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order, the petitioner's case may be dismissed under Fed. R. Civ. P. Rule 41 (b). Unless the dismissal order states otherwise, an involuntary dismissal under Fed. R. Civ. P. 41(b), operates as an adjudication on the merits.

1

RSC, which was summarily dismissed *without prejudice*, on April 7, 2011, because Petitioner alleged in that petition that he had a Rule 60(b) motion to vacate his sentence pending in state court, at that time. See C/A No. 10-2647, ECF No. 25, p. 4. Having reviewed the instant Petition, Petitioner's prior proceedings in this Court,[2] and the applicable law, the undersigned finds that the instant § 2254 Petition is successive and should be summarily dismissed, pursuant to 28 U.S.C. § 2244(3) and *In re: Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996). Because Petitioner filed the instant Petition without first obtaining an order from the United States Court of Appeals for the Fourth Circuit authorizing this district court to consider it, this Court lacks jurisdiction to hear the Petition.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged

---

[2] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, the court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may also apply these rules to a habeas corpus petition not filed pursuant to § 2254). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**BACKGROUND**

Petitioner alleges that DNA evidence (which was not available at the time of Petitioner's conviction/sentence because advanced DNA testing had not yet been developed) could now exonerate Petitioner. Petitioner alleges that DNA testing on some of the crime scene evidence that was used in Petitioner's criminal trial was performed by SLED in August 2007, pursuant to a consent order entered in February 2005, in Petitioner's state court PCR case, 2002-CP-10-4716. Petitioner alleges that this testing excluded Petitioner as the source of the DNA. However, because much of the trial evidence was misplaced, making it impossible to perform additional DNA testing, Petitioner's PCR application was ultimately dismissed. In the instant Petition, Petitioner alleges four grounds on which his conviction and sentence should be vacated: (1) the trial court's error in denying Petitioner's motion to disqualify the 9th Circuit Solicitor's office from prosecuting his case, because the prosecutor tape recorded a telephone conversation with petitioner prior to his trial, which violated Petitioner's due process rights, as well as Article 1 § 3 of the SC Constitution; (2) "filed federal habeas corpus" (it is not clear exactly what Petitioner means here, but he alleges that United States Magistrate Judge Carr granted his discovery motion in one of his previous § 2254 cases in this Court, to perform DNA testing on evidence preserved in his trial; an order granting such discovery does not appear in the record of C/A No. 99-1867, or C/A No. 10-2647); (3) "access-to-evidence violation"; Petitioner alleges that his trial evidence was located and, on October 24, 2004, or perhaps on February 3, 2005 (it is not made clear in the Petition) consent was given to transport the evidence to SLED for advanced DNA testing; however "only some of [the] evidence was tested using advanced DNA technology and excluded petitioner"; and (4) "does there exist evidence of material fact that exists in the interest of justice, as a result of *Brady* violation

that may still be in the hands of prosecution?"; Petitioner alleges that SLED testing done in May 2006 and again in August 2007 excluded Petitioner as the source of DNA that was presented as evidence at Petitioner's trial; Petitioner alleges that his case was then referred to the "Center of Actual Innocence in NC" for full DNA testing, but the Center "was informed that the biological evidence couldn't be located, when in fact it was in the state's possession 2006 and 2007, thus denying [Petitioner] an independent facility to prove [Petitioner's] claim of innocence." *See* ECF No. 1, p. 5, 7, 8, 10.

## DISCUSSION

The Petition filed in this case should be summarily dismissed because it is successive and there is no indication that Petitioner requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted it to this Court. If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, NO. 6:10-721-JFA-WMC, 2010 U.S. Dist. LEXIS 68795, 2010 WL 2720912 (D.S.C. July 08, 2010).

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal

5

habeas corpus relief through 28 U.S.C. § 2254.  *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).  On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153.  The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts.  Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief.  *See Felker v. Turpin*, 518 U.S. 651, 657 (1996).  Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals.  *See In re Vial*, 115 F.3d at 1194.[3]  The "gatekeeping" mechanism created by the AEDPA added 28 U.S.C. § 2244(b)(3)(A) to provide that, "*[b]efore* a second or successive application permitted by this section is filed

---

[3] A petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a *prima facie* showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii).  *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).  Even if a petitioner's grounds for relief satisfy these strict requirements, the Fourth Circuit is the proper tribunal to make that decision when authorization is requested, not the district court.  A petitioner in this district can obtain the necessary forms for filing a motion for such authorization from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.  "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).

in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. (emphasis added).[4]

Hence, the threshold issue in this case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, by obtaining authorization from the Fourth Circuit to file this action. *See In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004), the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"; *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). It is clear on the face of the instant Petition that such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order making the required determination to authorize this Court to consider this second § 2254 petition has not been issued by the Fourth Circuit. Consequently, this Court has no jurisdiction to consider the instant Petition and Petitioner is barred from attacking his state court murder conviction and sentence of life imprisonment in this Court.

---

[4] Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)..

## RECOMMENDATION

Accordingly, it is recommended that the instant Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without issuance and service of process upon Respondent. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent). Petitioner's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin

Jacquelyn D. Austin
United States Magistrate Judge

March 13, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 East Washington Street, Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).