IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carl J. Chisolm,            ) | |
|                             ) | |
|          Petitioner,        ) | Civil Action No.: 8:12-640-RMG |
|                             ) | |
| v.                          ) | |
|                             ) | **ORDER** |
| Leroy Cartledge,            ) | |
| Warden, McCormick Corr. Inst., ) | |
|                             ) | |
|                             ) | |
|          Respondent.        ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge recommending that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus without prejudice and without service of process upon the Respondent. (Dkt. No. 10). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge as the order of the Court.

### Background

Carl J. Chisolm ("Petitioner"), a state prisoner in the McCormick Correctional Institution of the South Carolina Department of Corrections, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). This case was referred to a Magistrate Judge for pre-trial handling pursuant to 28 U.S.C. §§ 636(b)(1)(A),(B) and Local Civil Rule 73.02(B)(2)(c) DSC. Petitioner has previously filed two § 2254 petitions in this court. Petitioner's first petition was filed on June 21, 1999, in *Chisolm v. Ward*, C/A No. 2:99-1867-MBS, and was dismissed *with prejudice*, on February 14, 2000, for failure to prosecute. *See* C/A No. 99-1867, Dkt. No. 18. On October 13, 2010, Petitioner filed a second § 2254 petition, in *Chisolm v. McCabe*, C/A No. 2:10-2647-MBS-RSC, which was summarily dismissed *without*

1

*prejudice*, on April 7, 2011, because Petitioner alleged in that petition that he had a Rule 60(b) motion to vacate his sentence pending in state court at that time. *See* C/A No. 10-2647, Dkt. No. 25, p. 4. The Magistrate Judge issued the present Report and Recommendation on March 13, 2012, finding that Petitioner's instant § 2254 petition is successive and should summarily be dismissed pursuant to 28 U.S.C. § 2244(b). (Dkt. No. 10). Petitioner filed a timely objection to the Report and Recommendation. (Dkt. No. 14).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C).

## Law/Analysis

After reviewing the record, the applicable law, Petitioner's history of court filings, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the Court agrees with the conclusions of the Magistrate Judge. Accordingly, the Court adopts the Report and Recommendation as the order of the Court. Prior to filing a second or successive petition under § 2254, Petitioner must obtain authorization by a panel of the Fourth Circuit Court of Appeals allowing him so to file. Pursuant to 28 U.S.C. § 2244, "[b]efore a second or successive application is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A).

Because Petitioner did not seek and receive authorization from the Fourth Circuit prior to filing this Petition, this court is without jurisdiction to consider the Petition. Petitioner's objections do not alter this conclusion. Petitioner argues that his first petition, C/A No. 2:99-1867-MBS, should not have been dismissed because his counsel, Daniel L. Blake, filed a motion with the Court in November 2000 to conduct discovery under Rule 6(a) of the Rules Governing Section 2254 cases. (Dkt. Nos. 14 at 1; 14-1 at 7-14; 14-2 at 1-2). However, the motion which Petitioner provided with his objections, dated 2010, is unsigned (Dkt. No. 14-1 at 7-14) and review of the record makes clear the motion was not filed. Indeed, Petitioner asserts that his counsel was deceiving him regarding court filings and not accurately informing him as to the status of his federal habeas and state PCR actions. (Dkt. No. 14 at 3). Review of the record therefore makes clear that Petitioner's prior petition was properly dismissed, and that his present petition is successive under 28 U.S.C. § 2244.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the Report and Recommendation of the Magistrate Judge as the order of the Court. (Dkt. No. 10). Accordingly, the Court summarily dismisses Petitioner's petition without prejudice and without issuance and service of process upon Respondent. The Court directs Petitioner to page 6 of the Report and Recommendation for the proper procedure for obtaining an order from the Fourth Circuit Court of Appeals authorizing the District Court to consider a second or successive § 2254 petition.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

3

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 25, 2013
Charleston, South Carolina

4